IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-30028 |
| ) | |
| TYRELL HARRIS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

On February 23, 2024, Defendant filed an Emergency Motion with the Court, asking this Court to order the Bureau of Prisons ("BOP") to recalculate Defendant's discharge date in accordance with the judgment entered on October 24, 2022. (d/e 36, 41). The Government filed its response on April 4, 2024, and argues Defendant's motion should be denied as the Court lacks the authority to order the BOP to recalculate his discharge date by adding time previously served, and the Court lacked the ability at sentencing to order the Defendant's sentence be served concurrently with state case 2019-CF-87. (d/e 42).

This Court has considered Defendant's Motion (d/e 41), the Government's response (d/e 42), Defendant's reply (d/e 43) and Attorney Scherschligt's Response after the Court appointed him for this limited issue (d/e 44). For the following reasons, Defendants' Motion (d/e 41) is DENIED.

## BACKGROUND

During Defendant's sentencing hearing on October 18, 2022, this Court inquired of the parties whether the sentence recommendations were to be served consecutively or concurrently with Mr. Harris' Illinois Department of Corrections ("IDOC") sentence. The Government sought a consecutive sentence and noted that the IDOC sentence was for an unrelated charge of a use of a firearm on a date not associated with the federal charges. Defense counsel sought a concurrent sentence and added that the two years in IDOC would result in an eight-year sentence total, as the Defendant was facing a mandatory minimum of 10 years. A review of the transcript indicates that neither the Government, nor Defendant's attorney instructed the Court as to whether Mr. Harris was indeed eligible for his federal sentence to run concurrently with his state sentence.

The Court did attempt to verify Defendant's IDOC discharge date, believing Defendant was still in IDOC custody, to which the parties responded that December of 2022 sounded correct. However, neither party informed the Court that on December 3, 2021, Defendant was released from incarceration in IDOC and was placed on Mandatory Supervised Release ("MSR").

After the parties' arguments, Defendant was sentenced to 57 months of imprisonment on Count 1 and 120 months on Count 2 to run concurrently with each other and concurrently to the sentence imposed in Sangamon County Circuit Court Case No. 2019-CF-87. (d/e 36).

## ANALYSIS

Defendant's *pro se* motion requests this Court order BOP to give him credit for time served while in the Illinois Department of Corrections on Sangamon County Circuit Court Case No. 2019-CF-87. *Id.* He requests credit from June 19, 2019, to December 3, 2021, his discharge date. (d/e 42, p. 2). The Government in its response notes, correctly, that Defendant's prison term in his state case had already been discharged at the time of his sentencing in the federal case and that mandatory supervised release does not count as a

sentence of imprisonment. *United States v. Cruz*, 595 F. 3d 744, 747 (7th Cir. 2010).

This assertion is further supported by appointed counsel's motion to withdraw. (d/e 44). Counsel for Defendant also notes Defendant is not entitled to any credit for time served on his state sentence prior to the imposition of the federal sentence imposed here, as the state sentence was fully discharged. Id. Additionally, pursuant to 18 U.S.C. §3585(b), the Bureau of Prisons cannot give credit for presentence custody when that credit has been currently applied against another sentence.

Given the caselaw presented by the Government and appointed counsel, Defendant's *pro se* Emergency Motion (d/e 41) and the relief requested is DENIED. At the time of Defendant's sentencing and during counsel's arguments, neither attorney informed the Court of Defendant's discharged state sentence when arguing for the imposition of a concurrent or consecutive sentence. The Court cannot impose a concurrent sentence where, as here, Defendant was no longer incarcerated on said state conviction. Rather, as the sentence was discharged in December 2021, there was no pending sentence of incarceration in October 2022 to which to sentence Defendant

concurrently. The Clerk is DIRECTED to file an Amended Judgment, noting the term shall consist of 57 months on Count 1 and 120 months on Count 2 to run concurrently to each other and to run **consecutive** to the sentence imposed in Sangamon County, Illinois, Circuit Court, Case No. 2019-CF-87. (emphasis added). Attorney Scherschligt's Motion to Withdraw (d/e 44) is GRANTED.

**IT IS SO ORDERED.**
**ENTERED: May 30, 2024.**
**FOR THE COURT:**

　　　　　　　　　　　　　　　　*/s/ Sue E. Myerscough*
　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**