IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-30028 |
| ) | |
| TYRELL HARRIS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

On February 23, 2024, Defendant filed an Emergency Motion with the Court, asking this Court to order the Bureau of Prisons ("BOP") to recalculate Defendant's discharge date in accordance with the judgment entered on October 24, 2022. (d/e 36, 41). The Government filed its response on April 4, 2024, and argues Defendant's motion should be denied as the Court lacks the authority to order the BOP to recalculate his discharge date by adding time previously served, and the Court lacked the ability at sentencing to order the Defendant's sentence be served concurrently with state case 2019-CF-87. (d/e 42).

Page **1** of **7**

On June 3, 2024, the Court entered an Opinion and Order denying Plaintiff's Emergency Motion and ordered the Clerk of Court to file an Amended Judgment specifying Defendant's sentence was to be served consecutively to a Sangamon County sentence instead of concurrently. (d/e 45). Specifically, Plaintiff's federal sentence could not be served concurrently to the Sangamon County case as the term of imprisonment on the state case was already discharged, or completed. Id.

On June 17, 2024, Plaintiff filed a Motion for Reconsideration alleging the Court erred in not reading the case law he provided because he was entitled to serve his sentence concurrently as he was incarcerated in IDOC custody and also on Mandatory Supervised Release. (d/e 48). For the following reasons, Plaintiff's Motion for Reconsideration is DENIED.

## BACKGROUND

During Defendant's sentencing hearing on October 18, 2022, this Court inquired of the parties whether the sentencing recommendations were to be served consecutively or concurrently with Mr. Harris' Illinois Department of Corrections ("IDOC") sentence. The Government sought a consecutive sentence and noted that the

IDOC sentence was for an unrelated charge of a use of a firearm on a date not associated with the federal charges. Defense counsel sought a concurrent sentence and added that the two years in IDOC would result in an eight-year sentence total, as the Defendant was facing a mandatory minimum of 10 years. Neither the Government, nor Defendant's attorney informed the Court whether Mr. Harris was eligible for his federal sentence to run concurrently with his state sentence.

The Court attempted to verify Defendant's IDOC discharge date, believing Defendant was still in IDOC custody, to which the parties responded that December of 2022 sounded correct. However, no one informed the Court that on December 3, 2021, approximately 10 months prior to his sentencing hearing on federal charges, Defendant was released from incarceration in IDOC and was placed on Mandatory Supervised Release ("MSR").

After the parties' arguments, Defendant was sentenced to 57 months of imprisonment on Count 1 and 120 months on Count 2 to run concurrently with each other and concurrently to the sentence imposed in Sangamon County Circuit Court Case No. 2019-CF-87. (d/e 36).

On June 4, 2024, an Amended Judgment was entered in this matter after the Court considered and denied Plaintiff's Emergency Motion (d/e 46) listing a corrected sentence of 57 months on Count 1 and 120 months on Count 2 to run concurrently to each other and to run *consecutive* to the sentence imposed in Sangamon County, Illinois, Circuit Court, Case No. 2019-CF-87.

## ANALYSIS

Defendant's Motion to Reconsider alleges that this Court in its June 3, 2024 Order, misapplied the law and ignored the case law that Plaintiff believes supports his argument. However, Defendant's motion to reconsider simply restates the arguments made in his Emergency Motion the Court previously denied.

As an initial matter, Defendant argues that *United States v. Cruz,* has been abrogated by various cases and that this Court should not have relied on it in making a determination. (d/e 48). Indeed, Defendant argues that, if this Court would have carefully considered the case law, it would have reached a different conclusion. This Court, in issuing its June 3, 2024, Order did consider Defendant's arguments. However, the case law cited does not support Defendant's position.

In *United States v Leiva,* a defendant appealed the *imposition* of a term of supervised release and argued the district court did not make sufficient findings of fact to support said imposition. *United States v. Leiva,* 821 F.3d 808, 808 (7th 2016). The Seventh Circuit made no finding regarding an undischarged term of imprisonment nor was it discussed on appeal. Rather, the Seventh Circuit noted "supervised release is part of the overall sentence" in the context that a sentencing court in imposing a sentence may include *as part of the sentence* a requirement that a defendant be placed on a term of supervised release. Id. at 821-822.

Of note here, Defendant was not on a federal term of supervised release pursuant to the statute cited by the Seventh Circuit in *Leiva*. Rather, he was no longer incarcerated on a term of imprisonment in the Illinois Department of Corrections. At the time of his federal sentencing Defendant was in custody at a county jail on a federal detainer pending sentencing on a federal matter for a separate offense.

Defendant also cites *Haymond* in support of his argument that, although he was on mandatory supervised release, he was still in IDOC custody and, therefore, this Court was incorrect in denying

Defendant's Emergency Motion. *United States v. Haymond,* 139 S. Ct. 2369 (2019). In *Haymond,* the Supreme Court considered the constitutionality of a statute that imposed a new and higher mandatory minimum prison sentence for sex offenders after a revocation hearing for violating conditions of supervised release without a jury finding. Id. Although Defendant cites various lines of dicta from *Haymond,* his attempted argument is misplaced. There is no disagreement that Defendant's state court *sentence* included both time incarcerated and time spent on mandatory supervised release. However, Defendant's incarceration was completed before he was sentenced in the federal case, and he could not serve the federal sentence concurrently with the state sentence.

The cases cited by the Defendant do not support granting the relief he requests. As this Court previously stated, Defendant's prison term in his state case had already been discharged at the time of his sentencing in the federal case and state supervised release does not constitute a sentence of imprisonment. *United States v. Cruz,* 595 F. 3d 744, 747 (7th Cir. 2010). Here, Defendant was released from his state charge term of imprisonment in December 2021. Given the other offenses Defendant committed which resulted in unrelated

federal charges, he was held in custody thereafter on a federal detainer until the October 2022 sentencing date. Defendant's current sentence cannot be served concurrently to his Sangamon County case, and he is not entitled to credit for the time served and completed in IDOC on his federal sentence.

The Court finds no basis to depart from its earlier ruling denying Defendant's Emergency Motion (d/e 41). Therefore, Defendant's pro se Motion to Reconsider (d/e 48) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: July 31, 2024.**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**